FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 11:09 am, Jul 01, 2020

# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

|  |  |
|---|---|
| DAVID L. RUTAN and MICHELLE E. RUTAN, | |
| Plaintiffs, | No. 5:19-cv-77 |
| v. | |
| THE CARSWELL CHEROKEE TRUST; WILLIAM GLENN JOHNS a/k/a BILLY JOHNS and W.G. JOHNS; HAMPTON BEESLEY, AS TRUSTEE FOR THE CARSWELL CHEROKEE TRUST; TERRELL SHEEN; and DOES 1-50. | |
| Defendants. | |

**ORDER**

Before the Court is a series of motions by Defendants The Carswell Cherokee Trust (the "Trust"), William Glenn Johns a/k/a Billy Johns and W.G. Johns ("Johns"), Hampton Beesley as Trustee for the Trust, and Terrell Sheen (collectively "Defendants") all of whom seek dismissal of the amended complaint (the "Amended Complaint") filed by Plaintiffs David and Michelle Rutan (the "Rutans" or "Plaintiffs"), proceeding *pro se*. Dkt. Nos. 22, 30, 38, 41, 50. Each of Defendants' motions have been fully briefed and are ripe for review. For the reasons below, Defendants' Motions to Dismiss will be **GRANTED**. All remaining relief sought by

Defendants, including the motion to quash service, will be **DENIED as moot.**

## BACKGROUND

This case arises out of what Plaintiffs describe as an elaborate and fraudulent financial scheme perpetuated by Defendant Johns in conjunction with the other Defendants. Plaintiffs purport to have already obtained judgments against some or all of Defendants in separate matters filed in Montana State Court. See Dkt. No. 20 at 2-3. Plaintiffs plead that each of these judgments has been domesticated in Georgia state courts. Id.

In their original complaint (the "Original Complaint"), filed in September 2019, Plaintiffs alleged that Johns is a "self-proclaimed Real Estate Guru" who has spent the past three decades "scheming people out of their homes and/or hard-earned money." Dkt. No. 1 at 5. They allege generally that Johns "hides assets by virtue of unofficial trusts and then appoints a management company to collect the payments for the items associated with these trusts." Id. at 6. They contend that Johns is a felon with "a long-standing history of financial malefices" and that he is "guilty of Wire Fraud, RICO, Tax Evasion and IRA Implosion." Id. at 5-6. Ultimately, they seek "a Receivership and/or Liquidator. . . to resolve its' outstanding judgments against Defendant Johns." Id. at 6.

In a separate section captioned "Violations," Plaintiffs contend that Defendants "have engaged in acts and practices that constitute and will constitute violations of Federal Law." Id. at 7. They then cite to various federal code sections, including the Consumer Credit Protection Act ("CCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the federal criminal code sections for wire fraud and perjury.[1] The facts outlining these alleged "violations," however, were enigmatic, sometimes vaguely referencing past litigation and sometimes simply describing the federal code section cited. See id. at 7-8. Plaintiffs subsequently listed causes of action for fraud, "aiding and abetting fraudulent conveyance and breaches of fiduciary dity [sic]", and "punitive damages and costs," each of which they supported with a vague set of facts. Id. at 8-9.

In early October 2019, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction in which they allege that Defendants were deliberately destroying or removing evidence relevant to the case. See Dkt. No. 10. Plaintiffs sought an order enjoining any such activity. Id. On October 11, 2019, the Court held a hearing on the Plaintiffs' motion during

---

[1] In their claim alleging wire fraud, Plaintiffs cite to 18 U.S.C. 3237, which is a jurisdictional provision concerning criminal offenses that are begun in one district and completed in another. The Court will assume that Plaintiffs intended to cite to 18 U.S.C. § 1343, the code section for the crime of wire fraud. Nevertheless, Plaintiffs have failed to identify any civil action arising out of these criminal statutory provisions.

3

which the Court expressed "serious concerns with regard to the Court's [subject matter] jurisdiction" based on the allegations in the Original Complaint. Dkt. No. 15 at 3. Specifically, the Court noted that the Plaintiffs had not alleged diversity of citizenship between the parties, nor could the Court discern from the Original Complaint whether a federal question had been raised. Based on these concerns, the Court denied Plaintiffs' motion but granted them leave to amend their pleading. See Dkt. No. 13.

In late October, Plaintiffs filed the Amended Complaint which, in most respects, is substantially similar to the Original Complaint.[2] It does, however, modify the causes of action section by removing the fraud counts and replacing them with counts for "obstruction of justice" (Count I) and "violations of RICO" (Count II). See Dkt. No. 20 at 10-15. In Count I, Plaintiffs allege that Defendants impeded their efforts to collect on a judgment domesticated in Georgia by "notif[ying] homeowners that if they pay as instructed by the court . . . Defendants will immediately move forward with foreclosure and eviction of the homeowners." Id. at 10. This, according to Plaintiffs, violated 18 U.S.C. § 1512, a federal statute criminalizing witness, victim, or informant tampering. Id.

---

[2] Plaintiffs did not identify Defendants Beesley and Sheen as defendants until they filed their Amended Complaint.

4

Plaintiffs also allege in Count I that Defendants, by counsel, sent a "threatening letter" to Plaintiffs' "title company," which they formed to facilitate their collection efforts. Id. at 11. In the letter, Defendants threatened the company with litigation "if it did not immediately cease collection efforts." Id. Plaintiffs argue that in doing so Defendants violated 18 U.S.C. § 1509, the federal criminal obstruction of justice statute.

Finally, in Count I, Plaintiffs reiterated the allegations from their motion for a preliminary injunction regarding Defendants' alleged efforts to destroy evidence. Id. They also seem to argue that at the October hearing on Plaintiffs' motion, Defendants presented to the Court an affidavit from an "agent" of Defendants that Defendants knew contained false information. Id. at 11-12. This, Plaintiffs argue, also violated the witness tampering statute. Id. at 12.

In Count II, Plaintiffs allege that they:

> "were defrauded by Defendant Johns during a valuable property exchange in where Defendant Johns misrepresented the facts, made false representations including an Estoppel Affidavit and other documents, that Plaintiffs relied upon to be true, all while Defendants Johns use [sic] a fraudulent Trust of which he was 'Trustee' to distance his liability.

Id. ¶ 20. Plaintiffs then go on to describe other individuals who were allegedly defrauded by Johns. See id. at 14-15. In accordance with Local Rule 9.1, Plaintiffs also appended a "Rico Statement"

5

to their Amended Complaint by which they offered more details about their claims.

In their request for relief, Plaintiffs ask for an "appointment of a Receiver/Liquidator," a finding pursuant to Rule 52 of the Federal Rules of Civil Procedure that "Defendants named herein committed the violations alleged herein," and "a permanent injunction enjoining Defendants, their officers, agents servants [sic], employees, and attorneys from violating" the CCPA, RICO, and certain federal criminal statutes. Id. at 16. Plaintiffs also seek several million dollars in damages, which they itemized for each Defendant in the Amended Complaint. Id. at 16-17.

In November 2019, Defendants Johns and the Trust filed a Motion to Dismiss under Rules 12(b)(5), 12(b)(6), and 9(b) of the Federal Rules of Civil Procedure contending that Plaintiffs had not alleged sufficient facts to state a claim for relief under the relevant pleading standards and alternatively that Plaintiffs had failed to effectuate proper service on the Trust. See Dkt. No. 22. Defendants also argued that their claims were barred by the doctrines of res judicata and collateral estoppel based on the judgments entered in the Montana actions. Id. In response, Plaintiffs argued, inter alia, that they were "not seeking to relitigate he basis of the Original Judgment" but rather that they were "seeking to establish a Receivership for the recovery of said

6

Judgments and also seeking damages for the additional harm caused to Plaintiffs post Judgment." Dkt. No. 29 at 4.

In December 2019, Defendant Beesley filed a Motion to Dismiss or in the Alternative to Quash Plaintiffs' proof of service. Dkt. No. 30. Beesley argued that process was insufficient against him because the return of service Plaintiffs filed with the Court indicated that Beesley had been served with the summons before the summons had been issued. Id. at 2. He also sought dismissal of the Amended Complaint for largely the same reasons set forth in Johns and the Trust's motion: that Plaintiffs failed to state a claim for relief. Id. at 4-5. In a subsequent motion to dismiss, Beesley acknowledged that he had ultimately been served by Plaintiffs but reiterated his basis for dismissal under Rules 12(b)(6) and 9(b). Dkt. No. 38.

In February 2020, Defendant Sheen moved under Rule 4(m) to dismiss the action against him based on Plaintiff's failure to timely effectuate service on him. Dkt. No. 41. In March, Sheen filed a second motion to dismiss in which he acknowledged that he had ultimately been served but contended that the case should nonetheless be dismiss because service was untimely. Dkt. No. 50. He also argued in the alternative that the claims against him should be dismissed under Rules 12(b)(6) and 9(b). Each of Defendants' motions are now pending before the Court.

7

**LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure provides that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In determining whether a plaintiff has met this pleading requirement, the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

Moreover, under Rule 9(b) of the Federal Rules of Civil Procedure, claims alleging "fraud or mistake" must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This standard applies to complaints asserting claims under RICO. See Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, (11th Cir. 2007)

## DISCUSSION

The Amended Complaint falls short of satisfying the pleading standards under Rules 8 and 9. Indeed, Plaintiffs' pleading and appended RICO Statement are largely disorganized deluges of allegations and information that fail to form a recognizable federal cause of action. Though the Court understands that Plaintiffs may be frustrated by their tumultuous history with Defendants, the judiciary "is not an appropriate forum simply to air grievances." Stengel v. Hogan, No. 18-cv-3390, 2018 U.S. Dist. LEXIS 200031, at *5 (D. Md. Nov. 27, 2019). To obtain relief, Plaintiffs must allege facts sufficient to "state a claim to relief that is plausible on its face." Bell, 550 U.S. at 570. They have not done so here. Moreover, the Court is sympathetic to the fact that Plaintiffs are proceeding *pro se*. As such, the Amended Complaint is construed more liberally than one drafted by a lawyer. See Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, no measure of liberal construction can create a properly pleaded complaint out of the Original Complaint or Amended

9

Complaint filed here. Moreover, the Court specifically directed Plaintiff to Rules 8 and 9 and gave them an opportunity to recast their complaint so as to properly put forth a cause of action. Unfortunately for the Rutans, the Amended Complaint falls far short of what is required to survive the Motions to Dismiss filed in this case.

In Count I, Plaintiffs point to a series of criminal statutes that they contend Defendants violated. However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co v. Redington, 99 S. Ct. 2479, 2485 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979)). Plaintiffs have not pointed to any statutory provision that creates a private cause of action arising out of the obstruction or the tampering statutes. Thus, even assuming that the allegations from Count I did constitute violations of federal law—perhaps a generous assumption—Plaintiffs have not stated a claim for which the relief they seek can be granted.

Second, Plaintiffs contend that Defendants violated RICO. Unlike the statutes cited in Count I, RICO does contain a provision that creates a private civil cause of action. See 18 U.S.C. § 1964(c). Nonetheless, Plaintiffs have not alleged sufficient facts to state a claim for relief under that section. Indeed, to state a civil claim under RICO, Plaintiffs must allege (1) that

Defendants "committed a pattern of RICO predicate acts under 18 U.S.C. § 1962, (2) that Plaintiffs "suffered injury to business or property, and (3) that Defendants "racketeering activity proximately caused the injury." Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 705 (11th Cir. 2014). Moreover, the Eleventh Circuit has held that in order to satisfy the heightened pleading requirements under Rule 9, stating a RICO claim requires plaintiffs to plead "(1) the precise statements, documents, or misrepresentations made, (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Ambrosia, 482 F.3d at 1316-17.

Here, Plaintiffs state their fraud allegations in exceedingly vague and general terms. For example, Plaintiffs contend in Count II that they were "defrauded" by Johns in a "property exchange" whereby Johns "misrepresented the facts" and "made false representations" upon which Plaintiffs "relied upon to be true." Dkt. No. 20 at 14. These allegations are precisely the type of "[t]hreadbare recitals of the elements of a cause of action" which the Supreme Court has rejected. Iqbal, 556 U.S. at 678. Plaintiffs do not specify the nature of the "property exchange," nor what particular facts were misrepresented or how those misrepresentations caused Plaintiffs harm. Instead, Plaintiffs

11

merely make conclusory statements suggesting that one of Defendants engaged in fraudulent activity.

Though there are portions of the Amended Complaint and appended RICO Statement that set forth some additional detail about Plaintiffs' claims, it is difficult to decipher which allegations are merely history and which form a substantive basis for their RICO cause of action. For instance, in describing the predicate act of "Fraud" from "2005-present" in their RICO statement, Plaintiffs describe fraudulent activities by Johns beginning in 2005 but then later state, "[v]iolations of Defendants pertaining to Plaintiffs claims in the case now expanded to RICO in about May 2018." Dkt. No. 20-15 at 7-8. Plaintiffs then cite to various sources that document an "organized scheme of racketeering and the Ponzi style fraud," but they offer strikingly little detail in the allegations themselves. Dkt. No. 20-15 at 7-8.

Moreover, while many of Plaintiffs' allegations seem to center around Defendant Johns, it is difficult to decipher what role, if any, other Defendants played in the alleged scheme. For instance, in the RICO Statement, Plaintiffs vaguely state that the John Doe Defendants "assist with the operations, management and transactional detail to facilitate the purpose of the Enterprise." Id. at 15. The facts offered to support their claims against other Defendants are also woefully inadequate. This is perhaps best illustrated in Plaintiffs' latest filing in response to Sheen's

second Motion to Dismiss wherein Plaintiffs "admit[] that the [Amended Complaint] is not artfully drafted and needs to be amended to specifically apply stated facts and provide additional facts in order to properly inform [Sheen] of the claims against him." Dkt. No. 52. Ultimately, the Court finds based on all of these deficiencies, Plaintiffs have not stated a viable claim for relief under RICO.

Finally, Plaintiffs purport on multiple occasions to be seeking a "[r]eceivership and/or Liquidator in this matter to resolve its' outstanding judgments." See Dkt. No. 20 at 7. In federal court, money judgments are enforced by means of a "writ of execution" as set forth under Rule 69. See Brank v. Banking & Trust Co. v. Ramsey, 559 Fed. App'x 919, 923 ("Under Rule 69(a), '[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.") (quoting Fed. R. Civ. P. 69(a)). That Rule provides that the procedures for executing a judgment "must accord with the procedure of the state where the court is located, but federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Here, Plaintiffs have failed to identify any federal statutes calling for a receivership under these facts, nor do they articulate clearly why Georgia law would necessitate such a process here.

Additionally, even if a receivership were merited under the alleged facts, the Court finds that, at least in this instance,

"[r]ule 69 is not available to enforce state court judgments in federal court." See Marietti v. Santacana, 111 F. Supp. 3d 129, 134 (D. P.R. 2015) (collecting cases). Indeed, Plaintiffs allege that the judgments were originally rendered in Montana state court and thereafter domesticated in Georgia. It is unclear why Plaintiffs would be unable to enforce judgments against any property Defendants might have in Georgia via Georgia state courts. Murkier still is how they could do so in federal court.

As a final matter, although Plaintiffs have not moved to file yet another amended complaint, they do hint in one of their filings that they may need to do so. Dkt. No. 52 at 2. They do not specify, however, the nature of the amendment they intend to file other than to state that the amendment would "ad [sic] clarity and substance to the complaint." Dkt. No. 52 at 2. To the extent that Plaintiffs are here seeking leave to amend again, such a motion will be **DENIED** for futility. See Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (finding that motions to amend may be denied, inter alia, for "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment").

## CONCLUSION

For the reasons above, Defendants' Motions to Dismiss, dkt. nos. 22, 30, 38, 41, 50, are **GRANTED** to the extent they seek dismissal under Rules 9(b) or 12(b)(6) of the Federal Rules of

Civil Procedure. Defendants' Motions to dismiss or quash on the basis of improper service are **DENIED as moot**. To the extent Plaintiffs seek leave to file a second amended complaint, that motion is **DENIED**. All other pending motions are **DENIED as moot**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 1st day of July, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

15